IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WAYNE JOHANSSON<br>PO Box 23654<br>Washington, DC 20056<br><br>PLAINTIFF<br><br>v.<br><br>CENTRAL PROPERTIES, LLC<br>1353 V Street, NW<br>Washington, DC 20009<br><br>SERVE:    PAUL SLIWKA<br>                1353 V Street, NW<br>                Washington, DC 20009<br><br>PAUL SLIWKA<br>1353 V Street, NW<br>Washington, DC 20009<br><br>DEFENDANT. | *<br>*<br>*<br>*<br>*<br>*<br>*  Case No.:<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

## COMPLAINT

Plaintiff Wayne Johansson ("Plaintiff"), by and through undersigned counsel, hereby submits his Complaint against Defendants Central Properties, LLC and Paul Sliwka ("Defendant") to recover damages under the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), the D.C. Minimum Wage Act Revision Act of 1992, D.C. Code §§ 32-1001 *et seq.* ("DCMWA"), and the D.C. Wage Payment and Wage Collection Act, D.C. Code §§ 32-1301 *et seq.* ("DCWPA") as set forth below.

### PARTIES AND JURISDICTION

1. Plaintiff is an adult resident of the District of Columbia.

2. By participating as named plaintiff in this action, Plaintiff hereby consents

to participate in an action under the FLSA, DCMWA, and DCWPA.

3. Central Properties, LLC is a limited liability company formed under the laws of the District of Columbia.

4. At all times relevant to this action, Paul Sliwka was the primary owner, Broker, and managing member of Central Properties, LLC. In this capacity, Paul Sliwka individually:

    a. was personally in charge of managing and controlling all business operations for Central Properties, LLC;

    b. was Plaintiff's manager and supervisor;

    c. oversaw and evaluated Plaintiff's job duties;

    d. hired Plaintiff;

    e. set and determined Plaintiff's job duties and responsibilities;

    f. set and determined Plaintiff's rate and method of pay;

    g. set, controlled, and monitored Plaintiff's work schedule.

    h. maintained or caused to be maintained all work and employment records relating to Plaintiff; and

    i. fired Plaintiff.

5. At all times relevant, Defendants operated a real estate brokerage firm with operations in the District of Columbia.

6. More than fifty percent (50%) of Plaintiff's job duties giving rise to this action occurred in the District of Columbia.

7. At all times Defendants engaged in business operations across state lines, performed business in Maryland, Virginia, and the District of Columbia, and were

otherwise engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1) of the FLSA (29 U.S.C. § 203(s)(1)).

8. At all times, Defendants' gross annual revenue exceeded $500,000.00 and thus Defendants qualified as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)).

9. At all times, Plaintiff and at least two other employees of Defendants were individual employees who, while engaged in employment duties, handled and otherwise worked on goods and materials that were moved in or produced for commerce thus Plaintiff was an individual employee who was engaged in commerce or the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

10. Pursuant to the foregoing, at all times, both Defendants qualified as Plaintiff's "employers" or "joint employers" for purposes of the FLSA, DCMWA, and DCWPA.

11. This Court has jurisdiction over Defendants pursuant to § 16(b) of the FLSA, 29 U.S.C. §216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce." Subject matter jurisdiction is invoked under 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391(b).

## FACTS

12. For the period of about January 2017 through about July 24, 2017, Plaintiff was employed by Defendants as the company's so-called General Manager (in title only), with job duties including general office tasks, agent recruiting, and marketing.

13. During the period of Plaintiff's employment, Defendants paid Plaintiff

pursuant to a pay plan that was designed to pay Plaintiff a $5,000.00 monthly salary plus bonus payments equal to 25% the gross commission from sales made by agents recruited by Plaintiff.

14. While employed, the exact number of hours Plaintiff worked varied slightly from week to week.

15. On average, calculated across his entire period of employment, Plaintiff worked at or about forty-eight (48) hours per week.

16. At all times, Defendants had knowledge of all hours Plaintiff worked each week or suffered or permitted Plaintiff to work all hours herein alleged.

17. While employed, Defendants never paid Plaintiff at the required time-and-one-half rate for overtime hours worked over forty (40) per week.

18. At no time during his period of employment did Plaintiff actually manage two (2) or more employees, make decisions that affected the operation of Defendants' business, perform his duties with autonomy free from micromanaging from Defendants, or otherwise perform job duties that were in any way exempt from the Federal or District of Columbia time and one-half overtime pay requirement.

19. Defendants now owe Plaintiff unpaid overtime wages in the amount of about $8,307.69 calculated as follows:

| Total Weeks for Which Overtime is Owed | Monthly Salary Rate | Weekly Salary Rate | Regular Hourly Rate (Weekly Salary / 40 Non-Overtime Hours) | Rate Owed Per Overtime Hour Worked | Average Overtime Hours Worked Per Week | Average Overtime Wages Owed Per Week | Total Overtime Wages Owed |
|---|---|---|---|---|---|---|---|
| 24 | $5,000.00 | $1,153.85 | $28.85 | $43.27 | 8 | $346.15 | $8,307.69 |

20. Further, without excuse or justification, Defendants failed and refused to pay Plaintiff his salary wages in the amount of about $7,500.00 for work duties performed during the period June 15, 2017 through July 24, 2017.

21. Finally, without excuse or justification, Defendants failed and refused to pay Plaintiff earned bonus wages in the amount of about $16,000.00 arising out of commissions earned and paid to Defendants from sales made by agents recruited by Plaintiff.

22. On or about July 20, 2017, Plaintiff wrote and served upon Defendants a letter in which Plaintiff outlined and calculated the wages (bonus payments and unpaid salary) that Plaintiff believed Defendants owed him at that time.

23. In the same letter, Plaintiff requested Defendants make prompt payment (within 10 days) to Plaintiff of all wages that were overdue.

24. On July 24, 2017, Paul Sliwka, on behalf of Defendants, responded by e-mail to Plaintiff's letter. In Defendants e-mail response, Defendants (1) terminated Plaintiff's employment and (2) demanded that Plaintiff return to Defendants the salary wages that Defendants paid to Plaintiff for the period of his employment.

25. Defendants' July 24, 2017 e-mail letter terminating Plaintiff's employment and demanding Plaintiff return his salary wages to Defendants was willfully retaliatory in response to Plaintiff requesting payment of wages that he reasonably and in good faith believed were due and owing and was in plain violation of the DC Wage Payment Statute Anti-Retaliation Section (D.C. Code § 32-1311).

26. Defendants' unlawful termination of Plaintiff's employment has caused Plaintiff to suffer substantial past and future economic loss as well as severe mental

anguish and emotional distress.

## CAUSES OF ACTION

### COUNT I
### Violation of Federal Fair Labor Standards Act

27. Plaintiff re-alleges and reasserts each and every allegation set forth above as if each were set forth herein.

28. The FLSA required Defendants to pay Plaintiff for overtime worked over forty (40) hours per week at the FLSA required time-and-one-half rate.

29. As set forth above, Defendants failed to pay Plaintiff overtime compensation in compliance with the Federal FLSA time-and-one-half requirements.

30. Defendants' failure to pay Plaintiff as required by the FLSA was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff under Count I for all unpaid overtime wages in such an amount as is proven at trial, liquidated damages as provided by Federal law, interest (both pre- and post- judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

### COUNT II
### Violation of D.C. Minimum Wage Act Revision Act of 1992

31. Plaintiff re-alleges and reasserts each and every allegation set forth above as if each were set forth herein.

32. District of Columbia law required Defendants to pay Plaintiff for overtime worked over forty (40) hours per week at the DCMWA required time-and-one-half rate.

33. As set forth above, Defendants failed to pay Plaintiff overtime

compensation in compliance with the District of Columbia DCMWA time-and-one-half requirements.

34. Defendants' failure to pay Plaintiff as required by the DCMWA was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff under Count II, for all unpaid overtime wages in such an amount to be proven at trial, plus liquidated damages as provided by District of Columbia law (quadruple damages), interest (both pre- and post-judgment), attorney's fees, costs, and any other and further relief this Court deems appropriate.

## COUNT III
### DC Wage Payment Act - Unpaid Wages

35. Plaintiff re-alleges and reasserts each and every allegation set forth above as if each were set forth herein.

36. Under the DCWPA, Defendants were obligated to pay Plaintiff all wages earned and owed for work that Plaintiff performed.

37. "Wages" pursuant to DCWPA (DC Code § 32–1301(3)), "includes a: (A) Bonus; (B) Commission; (C) Fringe benefits paid in cash; (D) Overtime premium; and (E) Other remuneration promised or owed: (i) Pursuant to a contract for employment, whether written or oral; (ii) Pursuant to a contract between an employer and another person or entity; or (iii) pursuant to District or Federal law."

38. Plaintiff performed work duties for Defendants' benefit as set forth above for which Defendants failed to pay Plaintiff all wages, bonuses, and/or commissions earned and required by Federal and District of Columbia law.

39. Defendants owe Plaintiff wages for work duties performed as set forth above.

40. Defendants' failure to pay Plaintiff wages as set forth above constitutes a violation of Plaintiff's right to receive wages as guaranteed by the DCWPA.

41. Defendants' failure to pay Plaintiff all wages earned, owed, and required by law as required by Federal and District of Columbia law and the DCWPA was knowing, willful and intentional, was not the result of any *bona fide* dispute between Plaintiff and Defendants, and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff under Count III, for all unpaid wages in such an amount to be proven at trial, plus liquidated damages as provided by statute (quadruple damages), interest (both pre- and post-judgment), attorney's fees, costs, and any other and further relief this Court deems appropriate.

## COUNT III
### DC Wage Payment Act - Unlawful Retaliation / Wrongful Termination

42. Plaintiff re-alleges and reasserts each and every allegation set forth above as if each were set forth herein.

43. On or about July 20, 2017, Plaintiff wrote and served upon Defendants a letter in which Plaintiff outlined and calculated unpaid wages that he believed Defendants owed him at that time.

44. In the same letter, Plaintiff requested Defendants make prompt payment (within 10 days) to Plaintiff of all wages that were unpaid and overdue.

45. On July 24, 2017, Paul Sliwka, on behalf of Defendants, responded by e-mail to Plaintiff's letter.

8

46. In Defendants' e-mail response to Plaintiff's letter requesting prompt payment of unpaid wages owed, Defendants (1) terminated Plaintiff's employment and (2) demanded that Plaintiff return to Defendants the salary wages that Defendants paid to Plaintiff for the period of his employment.

47. Defendants' July 24, 2017 e-mail letter terminating Plaintiff's employment and demanding Plaintiff return his salary wages to Defendants was willfully retaliatory in response to Plaintiff requesting payment of wages that he reasonably and in good faith believed were due and owing by Defendants to Plaintiff.

48. Defendants' written threat to Plaintiff demanding re-payment of money to which Defendants had no legal entitlement and Defendants' termination of Plaintiff's employment was direct retaliation to Plaintiff's request for unpaid wages due and was in plain violation of the DC Wage Payment Statute Anti-Retaliation Section (D.C. Code § 32-1311).

49. Defendants' unlawful termination of Plaintiff's employment has caused Plaintiff to suffer unpaid wages and substantial past and future economic loss as well as severe mental anguish and emotional distress.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff under Count IV for economic, non-economic, compensatory, equitable, and punitive damages in the amount of Two Hundred Fifty Thousand Dollars ($250,000.00) or such higher amount as is determined by the Court or the Jury, attorney's fees, costs, immediate reinstatement to his job with Defendants, and any other and further relief this Court or a Jury deems appropriate.

## JURY DEMAND

Plaintiff requests a trial by jury on all facts and issues so triable.

Respectfully submitted,

/s/ Gregg C. Greenberg

Gregg C. Greenberg, Bar No. MD17291
Zipin, Amster & Greenberg, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
Phone: 301-587-9373
Fax: 240-839-9142
Email: ggreenberg@zagfirm.com

*Counsel for Plaintiff*